IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOUGLAS PRESTON SMTIH,** : | |
| Petitioner, : | |
| : | No. 1:21-cv-838 |
| v. : | |
| : | (Judge Rambo) |
| **DISTRICT ATTORNEY FOR** : | |
| **CUMBERLAND COUNTY,** *et al.*, : | |
| Respondents : | |

# MEMORANDUM

On May 10, 2021, *pro se* Petitioner Douglas Preston Smith ("Petitioner"), who is presently confined at the State Correctional Institution in Huntingdon, Pennsylvania ("SCI Huntingdon"), initiated the above-captioned action by filing a document entitled "Ex Parte Complaint Quasi In Rem and In Personam for Rectification of Criminal Prosecution/Prohibitory Decree/Mispleading/Defective Pleading Solely Based upon Misnomer and For Enjoin Infringement of Copyright Trade Name/Trademark and Unauthorized Use of Intellectual Property Theft and Relief and Damages Demand for False Arrest." (Doc. No. 1.) Upon receipt of this document, the Court construed it as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and, in an administrative Order, directed him to pay the requisite filing fee or submit a motion for leave to proceed *in forma pauperis* within thirty (30) days. (Doc. No. 3.) Petitioner paid the requisite filing fee on May 24, 2021. (Doc. No. 4.)

On May 24, 2021, the Court issued an administrative order in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), instructing Petitioner that he could (1) have the petition ruled on as filed – that is, as a § 2254 petition for writ of habeas corpus – but lose his ability to file a second or successive petition, absent certification by the court of appeals; or (2) withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Doc. No. 5.) The Court informed Petitioner that his failure to return the Notice of Election Form would result in the Court ruling on his current § 2254 petition as filed. (*Id.*) The Court received Petitioner's Notice of Election form on June 3, 2021. (Doc. No. 6.) Petitioner indicates that he wishes the Court to rule upon his § 2254 petition as filed. (*Id.*) Accordingly, the Court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

I. **BACKGROUND**

On October 31, 2013, following a jury trial, Petitioner was found guilty of criminal homicide and third-degree murder. *See Commonwealth v. Smith*, CP-21-CR-0002675-2010 (C.C.P. Cumberland Cty.).[1] On December 31, 2013, he was

---

[1] In addition to the § 2254 petition, the Court utilized the Unified Judicial System of Pennsylvania Web Portal to review the relevant dockets for Petitioner's criminal proceedings. A district court may take judicial notice of state court records, as well as its own. *See Minney v. Winstead*, No.

sentenced to a minimum of twenty (20) years and a maximum of forty (40) years. *Id.* Following the denial of post-sentence motions, Petitioner appealed to the Superior Court of Pennsylvania. *See id.*; *see also Commonwealth v. Smith*, No. 1977 MDA 2015, 2016 WL 7330624 (Pa. Super. Ct. Dec. 16, 2016). On appeal, Petitioner argued "there was insufficient evidence to support his conviction and that the trial court abused its discretion in fixing his sentence." *Smith*, 2016 WL 7330624, at *1. Petitioner also "presented an after-discovered evidence claim and requested a remand for an evidentiary hearing." *Id.* On December 16, 2016, the Superior Court granted Petitioner's request and remanded the matter to the trial court for further proceedings. *Id.*

On remand, Petitioner, through counsel, also filed a Post-Conviction Relief ("PCRA") petition. *See Smith*, CP-21-CR-0002675-2010. The PCRA court held an evidentiary hearing on Petitioner's petition for unitary review[2] on January 24 and 26, 2018. *Commonwealth v. Smith*, No. CP-21-CR-2675-2010, 2019 WL 12071879, at *1 (Cumberland Cty. C.C.P. Feb. 4, 2019). On July 17, 2019, the PCRA court denied relief. *Smith*, CP-21-CR-002675-2010. Petitioner subsequently appealed to

---

2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988).

[2] While preparing for the hearing on his after-discovered evidence claim, Petitioner's counsel "discovered numerous [allegedly] meritorious ineffective assistance of counsel claims." ' *Smith*, 2019 WL 5431755, at *2. The Commonwealth did not object to Petitioner's request for unitary review of his "overlapping ineffectiveness and after-discovered evidence claims in a unitary appeal." *Id.*

3

the Superior Court. *Id.*; *see also Commonwealth v. Smith*, 1335 MDA 2018 (Pa. Super. Ct.). On February 4, 2019, the PCRA court issued an opinion pursuant to Rule 1925 of the Pennsylvania Rules of Appellate Procedure explaining its reasons for denying relief. *Smith*, 2019 WL 12071879, at *1. The PCRA court noted that "[v]irtually all of the defendant's claims for relief were based upon the alleged ineffectiveness of his trial counsel." *Id.*

On appeal, Petitioner asserted that the PCRA court erred in denying him a new trial because: (1) counsel's advise that Petitioner's prior drug felony conviction would be admissible was so unreasonable that Petitioner was unable to make a knowing decision not to testify at trial; (2) counsel failed to adequately cross-examine multiple witnesses; (3) counsel failed to call numerous witnesses on his behalf; (4) counsel failed to object to testimony about Petitioner's prior bad acts; (5) counsel failed to file a pretrial motion to suppress DNA evidence; (6) counsel failed to file a pretrial motion to dismiss the charges based on "unjustifiable delay in filing the charges that resulted in exculpatory evidence being lost or destroyed"; and (7) the evidence was insufficient to support the conviction for third-degree homicide. *Id.* at *3. On October 23, 2019, the Superior Court affirmed Petitioner's judgment of sentence. *Id.* at *9. On April 7, 2020, the Supreme Court of Pennsylvania denied Petitioner's petition for allowance of appeal. *See Commonwealth v. Smith*, 229 A.3d 236 (Pa. 2020).

## II. DISCUSSION

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Rule 4 provides, in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* Rule 4, 28 U.S.C. foll. § 2254. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Petitioner's petition is, quite frankly, difficult to understand. Petitioner refers to himself as a "private litigant" who is the "real party in interest" and the "proprietor of tradename/trademark." (Doc. No. 1 at 1.) He suggests that he has "absolute ownership" over the "quasi in rem defendant Douglas Preston Smith©™." (*Id.*) Petitioner suggests that Respondents committed fraud by the use of a misnomer, leading to his incarceration. (*Id.* at 4.) Petitioner also suggests that his intellectual property—namely, the "private property/chattel/vessel/intellectual property" known as Douglas Preston Smith©™, has been appropriated without his consent and incarcerated. (*Id.* at 4-5.) Petitioner seeks for Respondents to discharge his intellectual property into his custody and control. (*Id.* at 5.) As relief, Petitioner appears to seek damages as well as release of his trademark/tradename. (*Id.* at 3, 6.)

5

As an initial matter, Petitioner may not seek monetary damages in a habeas corpus action. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002). Moreover, federal habeas pleading requirements expect a petition "to state facts that point to a real possibility of constitutional error." *Mayle v. Felix*, 545 U.S. 644, 655 (2005) (citation omitted). Petitioner's petition, as pled, simply does not do so. Rather, Petitioner appears to assert that Respondents have infringed upon his copyright and seeks relief based on the alleged copyright infringement of his name. He also appears to base his habeas claims on maritime and admiralty law. Petitioner's claims are, frankly, misplaced. *See Kingston v. Clark*, No. 1:21-cv-31 , 2021 WL 1549659, at *1-2 (M.D. Pa. Apr. 20, 2021) (concluding same regarding similar claims); *Montalvo v. Montalvo*, No. 7:08-cv-537, 2008 WL 4533935, at *3 (W.D. Va. Oct. 7, 2008) ("The Court simply finds no ground upon which an inmate may use civil commercial statutes or admiralty jurisdiction to challenge the fact or length of his confinement.").

As pled, Petitioner's § 2254 petition simply does not set forth a cognizable claim for habeas relief. The Court, therefore, will dismiss the § 2254 petition. Although Petitioner indicated that he wanted the Court to rule upon his petition as pled, the Court will, in an abundance of caution, dismiss Petitioner's § 2254 petition without prejudice and provide Petitioner an opportunity to file an amended § 2254 petition that sets forth cognizable claims for habeas relief. The amended petition

must specify "all the grounds for relief available to" Petitioner, "state the facts supporting each ground," and "state the relief requested." Rule 2(c), 28 U.S.C. foll. § 2254. Petitioner must set forth "facts that point to a real possibility of constitutional error" and should include all the grounds for relief he wishes to raise. *Mayle*, 545 U.S. at 655-56. Petitioner is advised that if he fails to file an amended § 2254 petition within thirty (30) days, the dismissal of his initial petition (Doc. No. 1) will be deemed to be with prejudice.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) will be dismissed without prejudice to Petitioner's right to file an amended § 2254 petition that sets forth cognizable claims for habeas relief. An appropriate Order follows.

                                                              s/ Sylvia H. Rambo
                                                              United States District Judge

Dated: June 10, 2021